IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-402 T

(Judge Francis M. Allegra)

ALAN SCOTT FITZ and PAULINE ANN FITZ,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

JOINT STATUS REPORT; JOINT STIPULATION OF DISMISSAL OF PLAINTIFFS' INTEREST ABATEMENT CLAIMS; AND JOINT MOTION FOR SUSPENSION PENDING FINAL APPELLATE ACTION IN KEENER, FED. CL. NO. 03-2028

Pursuant to the Court's Order [Doc. #9] dated July 10, 2007, the parties, through their attorneys, provide this joint filing.

Plaintiffs' Complaint [Doc. #1] alleges five types of claims: (1) period of limitation; (2) tax motivated interest; (3) interest abatement; (4) basis restoration/termination; and (5) § 447/481 income recapture.

On April 18, 2007, this Court issued an opinion in *Keener*, Fed. Cl. No. 03-2028 T, and *Smith*, Fed. Cl. No. 04-907 T, granting defendant's partial motion to dismiss for lack of jurisdiction taxpayers' period of limitations and tax motivated interest claims. Under the decision, the Court lacks subject matter jurisdiction over the period of limitation and tax motivated interest claims in this case. Plaintiffs' attorneys intend to appeal the *Keener*/*Smith* decision to the Federal Circuit, after a final judgment is entered in those cases. Accordingly, the

parties propose that the Court wait until final appellate action in *Keener/Smith*, before dismissing the period of limitation and tax motivated interest claims in this case. Relatedly, the parties note that today the parties in *Keener/Smith* are filing a joint stipulation for dismissal of the remaining claims in those cases, interest abatement claims.

Regarding plaintiffs' interest abatement claims, the Court lacks subject matter jurisdiction over them under the Supreme Court's opinion in *Hinck v. United States*, 127 S.Ct. 2011 (2007). Accordingly, it is hereby stipulated and agreed that, pursuant to the Supreme Court's opinion in *Hinck*, plaintiffs' interest abatement claims in this case be dismissed for lack of subject matter jurisdiction, with the parties to bear their respective costs, including any possible attorneys' fees or other expenses of this litigation with respect to plaintiffs' interest abatement claims.

Regarding plaintiffs' basis/restoration termination and § 447/481 income recapture claims, plaintiffs' counsel still intends to voluntarily dismiss them. *See JSR* [Doc. #8] at 2. Plaintiffs' counsel represents that he will file the voluntary dismissal by this Friday, August 10, 2007.

In sum, after plaintiffs file their voluntary dismissal, the only claims remaining in this case will be the period of limitation and tax motivated interest claims discussed above. As the parties propose waiting for final appellate action in *Keener/Smith* before those claims are dismissed, the parties attendantly propose the Court reinstate the suspension in this case until such final appellate action.

Respectfully submitted,

8/8/2007 Thomas E. Redding
Date

THOMAS E. REDDING
Redding & Associates, P.C.
2914 W.T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

8/8/2007 s/Bart D. Jeffress by s/Thomas E. Redding
Date

BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

8/8/2007 s/Steven I. Frahm by s/Thomas E. Redding
Date
Of Counsel

Attorneys for Defendant